## HINDS v. McCORD.
### No. 7664.

Court of Civil Appeals of Texas. Austin.

Nov. 18, 1931.

Critz & Woodward, of Coleman, for appellant.

W. Marcus Weatherred, of Coleman, for appellee.

McCLENDON, C. J.

Suit by Hinds to recover of McCord, in his capacity as executor of the estate of Mrs. Martha Tyler Overall 18.26/320 of royalties collected by the executor under an oil lease covering 320 acres of land. The appeal is from a judgment denying recovery in a trial to the court without a jury.

The controlling facts, which are without dispute, follow:

Mrs. Overall executed the oil lease in 1925. She died in 1927, and McCord was appointed and qualified as her executor. March 10, 1928, McCord, as executor, conveyed to Hinds 202.3 acres of land belonging to the estate. 18.26 acres of this tract was in conflict with the 320-acre tract covered by the oil lease. At the time of the conveyance, this fact was not known to either party. The deed to Hinds contained the following clause: "It is expressly agreed and stipulated however, that said J. P. McCord, executor, reserves and retains in himself and his successors and assigns, an undivided one-half (1/2) interest in all rents, royalties and bonuses on oil, gas and other minerals for a term of fifteen (15) years from this date, and in the event at the end of said fifteen years, oil or gas is not being produced on said land in commercial quantities, title to said minerals shall thereupon be fully vested in the grantee, and his assigns, but in the event at the end of said term oil or gas is being produced from said lands in commercial quantities, said reservation shall extend for so long as same shall continue to produce oil or gas in commercial quantities, and it is further agreed and understood that the said J. M. Hinds may execute any lease on said lands or any part thereof without the joinder of the said J. P. McCord, executor, his successors or assigns."

The royalties sued for were the product of wells on the 320-acre tract outside of the 18.26 acres; the nearest of said wells being 1,000 feet from its line. No wells have been drilled on the 18.25 acres, but a well was drilled near its line which proved to be a "dry hole."

Appellant's contention is that the oil lease was indivisible, in that it did not require development of any particular portion of the leased tract, and that royalties produced from any portion thereof should be apportioned to all the several owners in the ratio of their respective acreages.

The case is clearly ruled by the decision in Japhet v. McRae (Tex. Com. App.) 276 S. W. 669, 670; and we would conclude our opinion with the citation of that case, but for the strenuous insistence by appellant that it conflicts with the earlier decision in Hoffman v. Magnolia Petroleum Co. (Tex. Com. App.) 273 S. W. 828, 830, and with the later decision in Stephenson v. Glass (Tex. Civ. App.) 276 S. W. 1110, in which writ of error was refused, 115 Tex. 192, 279 S. W. 260. The Stephenson opinion construed the Japhet and Hoffman Cases to be in irreconcilable conflict, and followed

Its interpretation of the latter because the Supreme Court expressly approved the Commission's holding in that case, but only adopted the judgment recommended in the Japhet Case. No particular significance should attach, we think, to this difference in the Supreme Court's orders. The opinion of the Commission in neither case was adopted as is done in certified questions and original proceedings referred to the Commission. The difference in the two orders results from a practice adopted by the Supreme Court when the Commission was created of only adopting the judgment recommended. In cases remanded for further trial, as distinguished from cases finally disposed of by the recommended judgment, the opinion of the Commission necessarily became a part of the mandate as a direction to the trial court; consequently, in such cases, the Supreme Court adopted the practice of additionally approving the holding of the Commission. In so far, however, as the unadopted opinions of the Commission are concerned, the Supreme Court has repeatedly held that they are not regarded as authority binding upon the Supreme Court. As to the binding effect of the Commission's holdings upon the Courts of Civil Appeals, the views of the writer are expressed in the following quotation from United North & South Oil Co. v. Meredith (Tex. Civ. App.) 258 S. W. 550, 556: "Until further light is shed upon this subject by the Supreme Court, we think the holdings of the Commission which are essential to the judgments adopted are entitled to be regarded as having the express sanction of the Supreme Court, and therefore to be followed as authority."

There is, in our opinion, no substantial basis for the view that there is any conflict in the decisions in the Hoffman and Japhet cases. The former was rendered June 27, 1925, opinion by Judge Stayton; the latter October 28, 1925, opinion by Presiding Judge Powell. Both opinions are by Section B of the Commission, and both decisions were participated in by Judge Powell, who was presiding judge of. the Section when Judge Stayton wrote the opinion in the Hoffman Case. The decision in that case is expressly rested upon the language of the conveyance under which the royalties were claimed; after quoting which, the opinion reads: "This is plainly a statement that the deed conveys a one-half interest in the royalty to accrue under the terms of the lease as an entirety; that is, the lease upon the whole half section."

In so far as the question at bar is concerned, the opinion states that the construction given to the language of the deed, "makes unnecessary a consideration of the question upon which the opinion of the Court of Civil Appeals is alleged to conflict with the opinion in Gillette v. Mitchell (Tex. Civ. App.) 214 S. W. 619." The Japhet opinion expressly distinguishes the Hoffman Case in the following language: "This is a case where it is contended that the law itself, in the absence of contract to the contrary, requires an apportionment of the one-eighth royalty. In this respect, it is unlike the case of Hoffman v. Magnolia Petroleum Co., 273 S. W. 828, very recently decided by this section of the Commission of Appeals and the Supreme Court."

After reciting the fact that the question presented was one of first impression in the Supreme Court, the opinion states: "We have given most thorough consideration to the able briefs and arguments on file in this case and reviewed all the authorities most carefully. We have also felt unusually free, because of the importance of the question, to consult with the Supreme Court before preparing our report."

Under the circumstances above detailed, it is inconceivable that the holding in the Hoffman Case should not have been in the mind of the Supreme Court when the Japhet Case was before it upon report of the Commission, or that there should have been any question in the view of the Supreme Court of a conflict between the two decisions. We are, however, not left to surmise or conjecture in this regard. In refusing the writ of error in the Stephenson Case, the Supreme Court delivered a memorandum opinion (a fact which appears to have been overlooked by counsel as well as by Prof. Summers in his comment on these cases. See "Oil & Gas", pp. 541–544), in which it was said: "While disapproving so much of the opinion of the honorable Court of Civil Appeals ([Stephenson v. Glass] 276 S. W. 1110) as holds that the conveyance of the 20 acres passed an undivided interest in the royalty on the entire 884 acres of land, and as holds that there is any conflict between the cited cases decided by the Commission of Appeals, we refuse this petition for writ of error because proper effect was given to the repudiation of the lessees' obligations under the original lease."

We will not burden this opinion with an analysis of the Stephenson Case; but will add that such analysis will demonstrate that the construction placed upon the Hoffman Case, and the holding that it conflicts with the Japhet Case, is pure dicta; a fact which the Court of Civil Appeals itself recognized in the last paragraph of its opinion on rehearing.

The trial court's judgment is affirmed.

Affirmed.

BAUGH, J., not sitting.